# IN THE COURT OF APPEALS OF IOWA

No. 15-0828
Filed May 11, 2016

**OLIVER LEE FENCEROY JR.,**
Plaintiff-Appellant,

**vs.**

**LAJAYMA RAINEY,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Oliver Fenceroy appeals from the district court's denial of his application for contempt. **AFFIRMED.**

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

LaJayma R. Rainey, Sioux City, appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Oliver Fenceroy appeals from the district court's denial of his application for contempt. He asserts LaJayma Rainey should be held in contempt for refusing to return the parties' fifteen-year-old minor child, in violation of a court order. We conclude the district court did not abuse its discretion in finding there was no willful misconduct or intentional disregard of the court's order; consequently, we affirm.

In 2009, an order was entered granting Fenceroy physical care of the parties' minor child and granting liberal visitation rights to Rainey. On May 1, 2014, Fenceroy filed an application to show cause, arguing Rainey violated the court's order by failing to return the child to Fenceroy after the child had run away from Fenceroy's home. The district court found Rainey to be in default of the custody order but declined to hold her in contempt. The court further ordered the child be returned by June 27, 2014.

A second application to show cause was filed due to the child again running away, asserting Rainey was aiding the child. Consequently, on November 24, 2014, the district court found Rainey to be in contempt and sentenced her to serve seven days in jail, but the court gave her the opportunity to purge her contempt by complying with the parties' custody, physical care, and visitation order. Following the hearing, the parties agreed the child could accompany Rainey to attend a funeral in Illinois. When Rainey attempted to return the child to Fenceroy, the child refused to get into the car and has since not returned to Fenceroy's care. On December 22, the court found Rainey had failed to purge her contempt and imposed the jail sentence. On January 9, 2015,

Fenceroy filed another application to show cause as to why Rainey should not be held in contempt for continuing to refuse to return the child. A hearing was held on April 13, 2015, after which the district court denied the application. Fenceroy appeals.

Contempt actions are governed by Iowa Code section 598.23 (2015), and our review is for an abuse of discretion. Iowa Code § 598.23(1) ("If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person *may* be cited and punished by the court for contempt . . . ." (emphasis added)); *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). The district court may consider all of the circumstances, not just whether a willful violation of a court order has been shown, in deciding whether to impose punishment for contempt. *Id.*

The district court heard both parties describe the difficulty of persuading a teenage child to comply with the physical care and visitation provisions of her parents' 2009 order. Before ruling on the contempt, the court noted:

> [I]t's pretty clear to me that we have a 15-year-old girl that we have some really serious issues with.
>     So putting the contempt aside for a minute, what do we do to try and help this young lady? If—if I find contempt and send her back with you and she runs away, I don't want to live with that. So I want the parties to help me sort out what we need to do, whether there's some counseling . . . what do you as parents suggest I do to help all of us get back on track?
>     . . . .
>     . . . I'm not sure that I can find from the evidence any willful misconduct, any intentional disregard for the Court's order. You have to prove that beyond a reasonable doubt, and so I don't think I can find contempt.
>     But I'm extremely concerned about the welfare of this young lady, and I want somebody to help me—and I almost need to get you to agree to something because the only thing in front of me is this show cause order and there's no contempt.

The record reflects a difficult situation but also that Fenceroy failed to show by clear and convincing evidence Rainey's willful violation of a court order. Rainey attempted to return the child to Fenceroy, but the child refused to comply. We therefore find the district court did not abuse its discretion in concluding there was no willful violation or intentional disregard of a court order. Consequently, we affirm the order of the district court denying Fenceroy's application for rule to show cause.

**AFFIRMED.**